**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**

ASYLUM SEEKER ADVOCACY PROJECT,

        Plaintiff,

        v.

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et al*.,

        Defendants.

Civil Action No. 1:25-cv-03299-SAG

**JOINT MOTION FOR ORDER CONCERNING BRIEFING SCHEDULE**

On October 3, 2025, Plaintiff Asylum Seeker Advocacy Group ("ASAP") filed a complaint under the Administrative Procedure Act against Defendants United States Citizenship and Immigration Services ("USCIS"), the USCIS Director, Executive Office for Immigration Review ("EOIR"), and the EOIR Acting Director. Dkt. 1.

On October 7, 2025, ASAP moved pursuant to Rule 65 of the Federal Rules of Civil Procedure and 5 U.S.C. § 705 for a temporary restraining order, preliminary injunction, and/or relief pending review under Section 705 concerning Defendants' application of the annual asylum fee codified at 8 U.S.C. § 1808. Dkt. 29. The Parties have since conferred about a potential briefing schedule for ASAP's pending motion (Dkt. 29).

Defendants seek a stay of the above captioned case due to the lapse in appropriations for the U.S. Department of Justice and the Defendant agencies. ASAP opposes a stay. The Parties have set forth their respective positions on Defendants' request for a stay below. *See* Section I.

Should the Court deny Defendants' request for a stay, the Parties have agreed upon a proposed briefing schedule for resolving ASAP's pending motion. *See* Section II. If the Court determines oral argument is warranted, the Parties are available for a hearing on ASAP's motion on October 27, 28, or 29.

ASAP respectfully requests a decision on its motion by October 29, 2025. In the alternative, ASAP requests that the Court issue a temporary restraining order by that date. *See* Section III. Should the Court deny a stay due to the lapse in appropriations, Defendants do not oppose ASAP's request for decision on ASAP's pending motion by October 29, 2025. Defendants oppose issuance of a TRO.

## I.       Defendants' Request For A Stay

### A.       Defendants' Position

On September 30, 2025, the appropriations act that had been funding the United States Department of Justice ("Department") expired and those appropriations to the United States Department of Justice lapsed. The same is true for the majority of other Executive agencies, including the Defendant federal agencies in this case. The Department does not know when such funding will be restored by Congress. Absent an appropriation, Department of Justice attorneys and employees of the Defendant federal agencies are generally prohibited from working, even on a voluntary basis, except in very limited circumstances.[1] Under the Anti-Deficiency Act ("ADA"), exceptions are limited to "emergencies involving the safety of human life or the protection of property." 31 U.S.C. § 1342. The term "'emergencies involving the safety of human life or the

---

[1]      The United States Customs and Immigration Service is mostly fee-funded and only a small portion of its budget comes from Congressional appropriations. See "Frequently Asked Questions on the USCIS Fee Rule" (Retrieved October 13, 2025), https://www.uscis.-gov/archive-/frequently-asked-questions-on-the-uscis-fee-rule#:~:text=-On%20Jan.%-2031%-2C%-202-024%-2C,prese-ntation-%20from-%20this%20national%20-engagement.

protection of property' does not include ongoing, regular functions of government the suspension of which would not imminently threaten the safety of human life or the protection of property." *Id*.

Accordingly, the undersigned counsel for the Department of Justice requests a stay of the entire case, until Congress has restored appropriations to the Department. If this motion for a stay is granted, undersigned counsel will notify the Court as soon as Congress has appropriated funds for the Department. The Government requests that, at that point, all current deadlines for the parties be extended commensurate with the duration of the lapse in appropriations – i.e., each deadline would be extended by the total number of days of the lapse in appropriations.

**B.    ASAP's Position**

The Court should deny Defendants' request for an indefinite stay pending the restoration of federal funding. This case involves Defendants' retroactive application of annual asylum fees that both EOIR and USCIS have told applicants are due now, and that USCIS contends some applicants must pay by October 31 to avoid adverse consequences. Both agencies—USCIS and EOIR—are currently operating, and neither agency has suggested that applicants are not required to pay the fee during the shutdown.[2]

For the reasons explained in ASAP's motion and supporting declaration, the government's imposition of the annual asylum fee on asylum seekers who filed their applications on or before

---

[2]    *See, e.g.,* USCIS, Verified "X" Account (Oct. 10, 2025), https://x.com/USCIS/status/1976827139073986938 ("We are still working and we will find you. We're committed to defending the homeland despite the Senate Democrat's shutdown."); N.Y. Times (Oct. 10, 2025), *How the Shutdown is Affecting Federal Services and Workers*, https://www.nytimes.com/interactive/2025/09/30/us/politics/government-shutdown-furloughs.html (noting that only 5% of DHS employees are furloughed). *See also* American Immigration Lawyers Association (Oct. 8, 2025); *Practice Alert: What Happens When the Government Shuts Down?*, https://www.aila.org/library/practice-alert-what-happens-if-the-government-shuts-down-1 (noting with respect to EOIR that "cases on the non-detained docket are proceeding as usual," and that "USCIS is a fee-funded agency so if the government shuts down, it is generally business as usual").

July 4, 2025 is causing significant harm and confusion in the real world, today.  Indeed, some asylum applicants at USCIS are logging into USCIS's case-status portal and finding out that the agency believes they are now required to pay the fee in question despite the shutdown, even if they have not received the individualized notice the agency promised would come first.  Some other applicants are receiving individualized notices from USCIS.  And still others have received no notice from the agency, and remain unable to pay the fee on USCIS's portal, even if they filed their applications more than a year ago.  The situation is even worse at EOIR, where the agency has told applicants that they must pay the annual asylum fee if their applications have been pending for more than a year, yet the agency has failed to provide any mechanism for applicants to actually pay the fee.

For these reasons, ASAP has requested preliminary relief from the Court while the case is litigated on the merits.  The government should not be permitted to block the Court's decision on that requested preliminary relief by invoking an indefinite shutdown, while at the same time continuing to engage in the very action that ASAP claims is unlawful and from which it seeks relief. *See Washington v. Trump*, No. 25-cv-01228 (W.D. Wash. Oct. 7, 2025), Dkt. 186 at 2 (denying government's request for a stay due to lapse of appropriations because "Plaintiffs request time-sensitive relief as evidenced by their request for a preliminary injunction").

Current Department of Justice policy recognizes that this Court's denial of a stay request "would constitute express legal authorization for [the government's participation in this suit] to continue."[3]  And dozens of other courts have recently rejected similar requests for a stay pending

---

[3]    U.S. Dep't of Just., *U.S. Department of Justice FY 2026 Contingency Plan*, (Sept. 29, 2025), https://www.justice.gov/jmd/media/1377216/dl.

the restoration of funding.[4]  Those decisions track historical trends in previous government shut-

downs.  *See, e.g.*, *Kornitzky Grp., LLC v. Elwell*, 912 F.3d 637, 638–39 (D.C. Cir. 2019) (Sriniva-

san, Edwards, JJ., concurring) (compiling cases and noting "not a single motion seeking a stay was

granted during the 2013 shutdown"); *see also PETA v. U.S. Dep't of Agric.*, 912 F.3d 641 (D.C.

Cir. 2019) (denying request for stay due to the lapse of appropriations in 2019).  The Court should

similarly deny Defendants' request for a stay here, especially given ASAP's pending request for

preliminary relief to avoid irreparable harm while this case is litigated on the merits.

     In addition, an exception to the Anti-Deficiency Act permits federal employees to respond

to "emergencies involving the safety of human life or the protection of property" during a govern-

ment shutdown.  *See* 31 U.S.C. § 1342.  ASAP's members face precisely that sort of harm absent

the preliminary relief requested here.  Dkt. 29-1 at 25–26.  Nonpayment of the annual asylum fee

could result in the rejection of an asylum application and an order of removal, thus threatening the

safety and liberty of the applicant.  *Id.* ¶¶ 62–64.  The lapse in appropriations does not diminish

these time-sensitive risks.

## II.    Joint Proposed Briefing Schedule In The Event The Court Denies Defendants' Request For A Stay

     Should the Court deny Defendants' request for a stay, the Parties have agreed upon the

proposed briefing schedule set forth below for resolving ASAP's pending motion.

---

[4]    *See, e.g.*, *United States v. Maine*, 2025 WL 2879784, at *2 (D. Me. Oct. 9, 2025) (denying motion for stay based on lack of appropriations); *Lehman v. U.S. Dep't of Lab.*, 2025 WL 2808472, at *2 (E.D. Mich. Oct. 2, 2025) (same); *Pineda v. Baltasar*, Case No. 25-cv-02955-GPG-TPO (D. Colo. Oct. 2, 2025), Dkt. 16 at 3 (same); *In re Camp Lejeune Water Litig.*, 2025 WL 2827029, at *2 (E.D.N.C. Oct. 6, 2025) (same); *Am. Fed'n of Gov't Emps. v. Trump*, Case No. 25-3698 (N.D. Cal. Oct. 3, 2025), Dkt. 276 at 1 (same); *Rhode Island v. Trump*, Case No. 25-cv-00128 (D.R.I. Oct. 2, 2025) (text order) (same); *United States v. Live Nation Ent.*, No. 1:24-cv-3973-AS (S.D.N.Y Oct. 1, 2025), Dkt. No. 652 (denying government's motion for stay without prejudice). *See also Mayor and City Council of Ocean City, Md. v. U.S. Dep't of the Interior*, Case No. 24-3111 (D. Md. Oct. 2, 2025), Dkt. 88 (Gallagher, J.) (denying government's motion to stay and deferring consideration to status conference).

- Defendants will file their brief in opposition to Plaintiff's motion no later than October 20, 2025.

- Plaintiff will file a reply in support of the motion no later than October 23, 2025.

Should the Court deny Defendants' request for a stay, the Parties jointly request that the Court enter the proposed briefing schedule described above. If the Court wishes to hear oral argument, both Parties are available for a hearing on Plaintiff's motion on October 27, 28, and 29.

## III.    ASAP's Request For A Ruling By October 29, 2025

ASAP respectfully requests that the Court rule on its motion for preliminary relief by October 29, 2025. Defendants do not oppose ASAP's request for decision on ASAP's motion by October 29, 2025. Around October 2, USCIS stated that on October 1 it had recently started requiring individuals with pending asylum applications to pay the annual asylum fee within 30 days of receiving individualized notice. *See* Dkt. 29-4, Ex. B. Since then, some applicants have logged onto USCIS's case-status portal and discovered that the agency believes they are required to pay the fee now even if they have *not* received the individualized notice the agency promised. A decision by October 29 will thus provide needed clarity before some applicants' payments would be due under USCIS's deadline.[5]

Alternatively, if the Court does not rule on ASAP's motion for a preliminary injunction by October 29, ASAP respectfully asks that the Court rule on ASAP's request for a temporary restraining order by that date. Defendants oppose the issuance of a temporary restraining order. If the Court grants ASAP only a temporary restraining order, then pursuant to Federal Rule of Civil Procedure 65(b) the Court could rule on the motion for a preliminary injunction within 14 days

---

[5]    ASAP's motion initially requested a decision by October 27. In light of the joint schedule the parties have proposed above (which extends briefing by two days beyond what ASAP requested in its initial motion), ASAP now respectfully requests a decision by October 29.

later (or 28 days later if the Court extends the temporary restraining order). *See also* 5 U.S.C. § 705 (providing that the Court "may issue all necessary and appropriate process to postpone the effective date of an agency action or to preserve status or rights pending conclusion of the review proceeding").

DATED:  October 13, 2025

Respectfully Submitted,

Kelly O. Hayes
United States Attorney

By: */s/ Ariana Wright Arnold\*\**
    Ariana Wright Arnold
    D.Md. Bar No. 23000
    Assistant United States Attorney
    36 South Charles Street, 4th Floor
    Baltimore, Maryland 21201
    (410) 209-4800
    Ariana.Arnold@usdoj.gov

    *Counsel for Defendants*

*/s/ Zareen Iqbal\*\**
ZAREEN IQBAL
(N.Y. Bar No. 5481940)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
P.O. Box No. 883, Ben Franklin Station
Washington, DC 20044
Phone: (202) 353-5639
Fax: (202) 616-8470
E-mail: zareen.iqbal2@usdoj.gov

*Counsel for Defendants (Special Admission pending)*

*\*\*Signed by counsel for Defendants and filed by Plaintiff with Defendants' permission.*

Respectfully submitted,

*/s/ Andrew G. Barron*
Matt Gregory*
Susan M. Pelletier*
Hayley N. Lawrence*
Andrew G. Barron (D. Md. Bar 30311)
T. Hunter Mason*
Rachel E. Schwab (D. Md. Bar 31646)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone: (202) 955-8500
Facsimile: (202) 831-6088
mgregory@gibsondunn.com
spelletier@gibsondunn.com
hlawrence@gibsondunn.com
abarron@gibsondunn.com
hmason@gibsondunn.com
rschwab@gibsondunn.com

Conchita Cruz*
Jessica Hanson*
Leidy Perez*
Marcela X. Johnson*
Juan E. Bedoya*
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S. #84810
New York, NY 10003-1502
Telephone: (646) 647-6779
conchita.cruz@asylumadvocacy.org
jessica.hanson@asylumadvocacy.org
leidy.perez@asylumadvocacy.org
marcela.johnson@asylumadvocacy.org
juan.bedoya@asylumadvocacy.org

*Counsel for Plaintiff*

\*Admitted *pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on October 13, 2025, I caused the foregoing document and attachment to be served on Defendants via email to Ariana.Arnold@usdoj.gov and zareen.iqbal2@usdoj.gov. Defendants have consented to service by email.


DATED:  October 13, 2025                          /s/ Andrew G. Barron
                                                  Andrew G. Barron
                                                  *Counsel for Plaintiffs*