IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION

| | |
|---|---|
| ASYLUM SEEKER ADVOCACY PROJECT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES CITIZENSHIP AND<br>IMMIGRATION SERVICES, *et al.*,<br><br>Defendants. | Civil Action No. 1:25-cv-03299-SAG |

**Plaintiff's Response to Defendants' Notice**

Plaintiff submits this Response to Defendants' Notice filed on October 29, 2025 (ECF 50, "Defendants' Notice") to highlight the inconsistencies in the Defendants' representations to this Court and the continuing need for this Court to rule on Plaintiff's motion for preliminary relief as soon as possible. Plaintiff understands that Defendants intend to re-file a corrected version of Defendants' Notice.

At the hearing yesterday, this Court expressed concern about immigration "judges or decision-makers who are taking action against people for failure to pay when people are in this sort of limbo situation . . . [and] can't get accurate information about what is owed and when." Hearing Transcript at 36:20-37:4. The government's filing this afternoon has introduced additional confusion and further underscores the necessity of court-ordered preliminary relief as soon as possible. Defendants' inconsistent actions make evident that the agency's approach to interpreting and implementing the annual asylum fee is arbitrary and capricious, does not reflect reasoned decisionmaking, and should be stayed pursuant to 5 U.S.C. § 705 to avoid imminent and irreparable harm.

The FAQ and email to immigration judges that the Defendants attached as exhibits to their

1

Notice reflect EOIR's continued adherence and planned actions in accordance with the July 17, 2025 EOIR Memo, despite the fact that the Defendants represented in their opposition brief, supporting declaration, and at yesterday's hearing that EOIR had abandoned that interpretation of the statute and had instead aligned its interpretation with that of USCIS. *Compare* ECF 50; 50-1; 50-2, *with* ECF 43 at 5, 21–22; ECF 44-1.

Concerningly, the email to immigration judges implies that there *could have been* correct circumstances to dismiss an asylum application on the basis of nonpayment of the annual fee even before the fee was payable. Similarly, the email to immigration judges does not inform them that applicants are entitled to individualized notice and a 30-day period to pay before treating their fees as due. Instead, the email appears to suggest that immigration judges may demand payment and take adverse action against applicants based on nonpayment prior to any such notice and payment period. The newest iteration of the FAQs similarly do not state that applicants have 30 days after notice to pay the fee.[1]

There are numerous additional inadequacies in the EOIR documents, including a few glaring omissions: that the annual asylum fee does not affect applications for withholding from removal or CAT relief; that the agency will credit payments made through other mechanisms; and that the agency will correct all adverse actions taken based on an individual's nonpayment of the annual asylum fee.

Defendants' notice also fails to confirm the USCIS will ensure it is sending notices based on the addresses and attorneys indicated on applicants' most recent change of address or Form G-28. Defendants also fail to confirm that applicants will not be penalized if they did not receive

---

[1] The government has posted at least two versions of the FAQs in the last 24 hours, the latest of which appears to be edited to be consistent with the July memo rather than more recent statements from EOIR.

notice or if they did not pay the annual asylum fee during the 30-day payment window, or to explain how that information will be communicated to applicants. USCIS also fails to explain how and when it will revise its notices and/or online platforms to clearly communicate a deadline for payment of the fee. And USCIS has failed to post any guidance on its website informing the public of how it is counting the deadline.

Plaintiff understands that Defendants say they are still attempting to correct these problems but respectfully submits that such action is unlikely to alleviate the need for emergency relief and that the agencies have already had ample opportunity to cure these problems voluntarily.

For these reasons and the reasons Plaintiff has previously explained, the Court should order Defendants to refrain from taking any adverse action against any individual based on the nonpayment of the annual asylum fee—and require vacatur of any adverse action taken thus far—until the agencies can promulgate and implement reasoned approaches to implementing the new fee, provide effective notice to applicants, and allow applicants a meaningful opportunity to pay.[2]

DATED: October 29, 2025

Respectfully submitted,

/s/ Andrew G. Barron
Matt Gregory*
Susan M. Pelletier*
Hayley N. Lawrence*
Andrew G. Barron (D. Md. Bar 30311)
T. Hunter Mason*
Rachel E. Schwab (D. Md. Bar 31646)
GIBSON, DUNN & CRUTCHER LLP
1700 M Street, N.W.
Washington, D.C. 20036
Telephone:   (202) 955-8500
Facsimile:   (202) 831-6088
mgregory@gibsondunn.com
spelletier@gibsondunn.com
hlawrence@gibsondunn.com

---

[2] More broadly, the Court should also stay the agencies' attempt to apply the annual asylum fee retroactively for the reasons Plaintiff has previously explained.

3

abarron@gibsondunn.com
hmason@gibsondunn.com
rschwab@gibsondunn.com


Conchita Cruz*
Jessica Hanson*
Leidy Perez*
Marcela X. Johnson*
Juan E. Bedoya*
ASYLUM SEEKER ADVOCACY PROJECT
228 Park Ave. S. #84810
New York, NY 10003-1502
Telephone:    (646) 647-6779
conchita.cruz@asylumadvocacy.org
jessica.hanson@asylumadvocacy.org
leidy.perez@asylumadvocacy.org
marcela.johnson@asylumadvocacy.org
juan.bedoya@asylumadvocacy.org

*Counsel for Plaintiff*

*Admitted *pro hac vice*