UNITED STATES DISTRICT COURT
FOR THE DISTRICT MARYLAND

ASYLUM SEEKER ADVOCACY
PROJECT,

    *Plaintiff*,

        *v.*

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et. al*;

    *Defendants*.

No. 1:25-cv-03299-SAG

**DEFENDANTS' OPPOSITION TO PLAINTIFF'S
EMERGENCY MOTION TO CLARIFY**

Earlier today, Plaintiff filed an "Emergency Motion to Clarify" the Court's October 30, 2025 Order granting a preliminary stay of USCIS's Federal Register Notice, 90 Fed. Reg. 34511 (July 22, 2025) ("Notice"), and EOIR's Policy Memorandum, No. 25-36 (July 17, 2025) ("PM"). *See* ECF No. 64 ("Mot."). Plaintiff seeks an "immediate order" ruling that the Court's stay of the Notice and PM requires that Defendants "may not implement the annual asylum fee or take adverse action against individuals' asylum . . . application" until the Court lifts that stay. *Id.* at 1–2.

To be clear, Plaintiff's motion seeks modification, not clarification. The Court already rejected Plaintiff's argument that USCIS and EOIR could not lawfully collect the Annual Asylum Fee ("AAF") if an asylum application was filed before the enactment of 8 U.S.C. § 1808. ECF No. 54 at 8–12. It also rejected the argument that Defendants could not lawfully count time prior to the AAF's enactment towards the one-year period triggering payment. *Id.* And it did not pass on the validity of § 1808, which carries independent force apart from either the Notice or the current or previous PM. The statute remains in effect and mandates that Defendants "shall require the payment of" the AAF. 8 U.S.C. § 1808(a); *see also id.* § 1808(b) (providing that the fee be collected not only for Fiscal Year 2025 but also for each subsequent year that an application remains pending). Expanding the Court's stay to enjoin *any* implementation of "the annual asylum fee under the OBBBA in any form" (as Plaintiff requests, Mot. at 8) would substantially broaden its scope. It would also create a new separation-of-powers issue by enjoining the enforcement of a duly enacted statute. But Plaintiffs have not carried their burden to show that the stay should be extended; most importantly, they have not shown that they are likely to succeed on the merits of their argument that Defendants should be stayed under the Administrative Procedure Act from enforcing the terms of the OBBBA.

1

To review: the Notice and PM each implemented a new annual asylum fee for Fiscal Year 2025, which Congress enacted in 2025 and requires the payment of an annual asylum fee (AAF) to be collected from applicants for asylum "for each calendar year that an alien's application for asylum remains pending." Pub. L. No. 119-21, § 100009, 139 Stat. 72, 371 (2025) (codified at 8 U.S.C. § 1808). For applications made to USCIS, the Notice explained that "any alien who filed a Form I-589, Application for Asylum and for Withholding of Removal, with USCIS before or on the beginning of fiscal year 2025, October 1, 2024, and whose application is still pending with USCIS at the end of fiscal year 2025, on September 30, 2025, must pay the FY 2025 amount specified by statute." 90 Fed. Reg. at 34515. For applications made to EOIR, the PM explained that "the fee applies to any asylum application pending for more than one year as of a date after the date of enactment of the" fee. PM 25-36 at 2. This Court stayed the Notice and PM chiefly because, in the Court's view, the documents did not announce the same effective date by which time each agency would first begin collecting the fee, and because it found that the agencies' guidance differed on how to apply the fee. *See* ECF No. 54 at 12–15. Plaintiff has not identified a reason why the Court's reasoning—that Defendants acted arbitrarily and capriciously in reaching differing policies under the statute—would require extending the stay to enjoining implementation of the statute itself. By asking the Court to "prohibit USCIS and EOIR from . . . implementing the [AAF] . . . in any form," Plaintiff attempts to transform what should be an APA suit against those agencies into one challenging the lawfulness of the statute and fee. But Plaintiff has not challenged the statute directly, and the APA cannot be used to hold unlawful the statute and AAF themselves. In any event, EOIR has rescinded PM 25-36 in favor of PM 26-01, which expressly aligns its

2

policy with that of USCIS. Defendants intend to file a motion to lift the stay this week that explains that the two agencies' policies are now consistent, and the rationale for the stay no longer applies.[1]

Whether construed (properly) as a motion for modification or as a motion for clarification, Plaintiffs' arguments do not justify altering the Court's order. First, to the extent that Plaintiff believes individual immigration judges are failing to correctly apply the law in any individual case, it is black-letter law that an asylum applicant cannot seek relief from an individual removal decision via an APA action in federal district court. *See Ardestani v. INS*, 502 U.S. 129, 133–34 (1991) (immigration proceedings not subject to APA). Instead, the appropriate avenue for relief from an immigration judge's order is by way of appeal to the Board of Immigration Appeals, and from there to an appropriate court of appeals. *See* 8 U.S.C. § 1252(b)(2). Here, Plaintiff argues that by granting relief against EOIR, the Court may also reach individual cases in which an individual immigration judge—rightly or wrongly—has dismissed an application for relief other than asylum, or has ordered payment of the AAF within fewer than 30 days. But even if § 1808 required a 30-day notice period (it does not), EOIR's regulations, which Plaintiff has not challenged here, expressly prohibit its Director from "adjudicat[ing] cases" or "direct[ing] the result of an adjudication assigned to the Board [of Immigration Appeals or] an immigration judge." 8 C.F.R. § 1003.0(c).

Next, Plaintiff relies heavily on EOIR Director Daren Margolin's declaration, ECF No. 44-1, for the proposition that "the parties and the Court all understood that . . . applicants would have no less than 30 days' notice before the [AAF] was due." ECF No. 64 at 3. But Director Margolin's

---

[1] Contrary to Plaintiff's suggestion, the Court's stay order did not "order" Defendants to file a motion to lift the stay. Instead, it invited such a motion and noted that it would "entertain promptly" such a motion once filed. ECF No. 54 at 19. Defendants intend to file their motion this week and will then explain in detail why their policies are now consistent and why the stay should be lifted.

3

declaration explained that aliens "for whom the AAF was due *prior* to the integration of that fee into EOIR's electronic payment system" would not "be required to pay until 30 days after the AAF billing notices have been mailed out." ECF No. 44-1 (Margolin Decl.) ¶ 10 (emphasis added).

Finally, because Plaintiff is seeking injunctive relief, any extension of the stay to grant that relief should be limited to members that Plaintiff has chosen to identify and who have standing to seek this relief. The Court cannot directly grant a universal injunction. *See Trump v. CASA*, 606 U.S. 831, 856 (2025). Nor can it indirectly do so by extending relief to nonparties who are represented by a party, other than through class certification under Rule 23 or properly established associational standing. Plaintiff has not sought or obtained class certification or proved that all of its members have standing to obtain relief that would effectively enjoin the requirements of a federal statute. *See Smith v. Bayer Corp.*, 564 U.S. 299, 315 (2011) ("[A] properly conducted class action . . . can come about in federal courts in just one way—through the procedure set out in Rule 23."); *cf. Summers v. Earth Island Inst.*, 555 U.S. 488, 497-500 (2009) ("[T]he Court has required plaintiffs claiming organizational standing to identify members who have suffered the requisite harm."). Again: what Plaintiffs now seek goes beyond an APA challenge to agency action. Plaintiff cannot end-run all three of those limits—*CASA*, Rule 23, and associational standing requirements—in order to obtain an injunction against a duly enacted federal statute in favor of all of its members.

For the foregoing reasons, Defendants respectfully ask that the Court deny Plaintiff's emergency motion.

JANUARY 12, 2026                    *Respectfully submitted,*

                                          BRETT A. SHUMATE
Assistant Attorney General

BRAD ROSENBERG
Special Counsel

*/s/ Elizabeth Hedges*
ELIZABETH HEDGES
Counsel to the Assistant Attorney General
United States Department of Justice
Civil Division
950 Pennsylvania Avenue NW
Washington, DC 20530
(202) 616-0929
elizabeth.t.hedges@usdoj.gov

*Counsel for Defendants*