UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ASYLUM SEEKER ADVOCACY PROJECT,

   *Plaintiff*,

        *v.*

UNITED STATES CITIZENSHIP AND
IMMIGRATION SERVICES, *et. al.*,

   *Defendants*.

No. 1:25-cv-03299-SAG

**DEFENDANTS' MOTION TO LIFT STAY
AND MEMORANDUM IN SUPPORT**

**INTRODUCTION**

The Court should lift the preliminary stay entered October 30, 2025, against Defendant USCIS's Federal Register Notice, 90 Fed. Reg. 34511 (July 22, 2025) ("Notice"). With Defendant EOIR's January 2, 2026, Policy Memorandum (PM 26-01), the two agencies' interpretations of the Annual Asylum Fee provision, 8 U.S.C. § 1808, are now in alignment. The Court invited Defendants to bring a motion to lift the stay should that occur, because the legal basis for the stay was the discrepancy between USCIS and EOIR. Now that the discrepancy is resolved, the basis for the stay no longer exists. The Court should therefore lift the stay. In its order doing so, the Court should also hold that Plaintiff is not likely to succeed on its arbitrary-and-capricious claim under the Administrative Procedure Act and can no longer show that a risk of irreparable harm or the balance of the equities and public interest justify a stay.[1]

**BACKGROUND**

USCIS's Notice and EOIR's July 17, 2025, Policy Memorandum (PM 25-36) each implemented a new annual asylum fee for Fiscal Year 2025 (the AAF) that was enacted as part of the One Big Beautiful Bill Act. The provision requires the AAF to be collected from applicants for asylum "for each calendar year that an alien's application for asylum remains pending." Pub. L. No. 119-21, § 100009, 139 Stat. 72, 371 (2025) (codified at 8 U.S.C. § 1808). For applications submitted to USCIS, the Notice explained that "any alien who filed a Form I-589, Application for

---

[1] The Court's January 13, 2026, order denying Plaintiff's motion to clarify makes clear that PM 26-01 is not subject to the stay. ECF No. 70 at 1 (stating that the "stay of the July 17 Memo, which is no longer in force, cannot reach the January 2 Memo, which did not exist at the time that this Court issued the stay and which Plaintiff's complaint did not challenge"). Accordingly, the stay remains in effect only as to USCIS's Notice, and Defendants are moving to lift it so that USCIS can enforce its policy and the statute. To the extent that the stay could in any way be interpreted as still applying to EOIR, however, the arguments herein would equally justify lifting the stay as to EOIR.

Asylum and for Withholding of Removal, with USCIS before or on the beginning of fiscal year 2025, October 1, 2024, and whose application is still pending with USCIS at the end of fiscal year 2025, on September 30, 2025, must pay the FY 2025 amount specified by statute." 90 Fed. Reg. at 34515 (footnote omitted). For applications made to EOIR, the PM explained that the "fee applies to any asylum application pending for more than one year as of a date after the date of enactment of" the AAF. PM 25-36 at 2 (footnote omitted).

On Plaintiff's motion, on October 30, 2025, the Court stayed the Notice and PM 25-36 chiefly because, in the Court's view, the documents did not announce the same date by which time each agency would first begin collecting the AAF, and because it found that the agencies' guidance differed on how to apply the AAF.  *See* ECF No. 54 at 12–15. In its order, the Court rejected Plaintiff's argument that Defendants could not lawfully collect the AAF if an asylum application was filed before the enactment of 8 U.S.C. § 1808. ECF No. 54 at 8–12. It also rejected the argument that Defendants could not lawfully count time prior to the AAF's enactment towards the one-year period triggering payment. *Id.* The sole theory on which the Court found Plaintiff was likely to succeed was its theory that "Defendants acted arbitrarily and capriciously in adopting [their] inconsistent policies." *Id.* at 14. Thus, the Court stayed both the Notice and PM 25-36. ECF No. 54 at 18. However, the Court noted that it would "entertain promptly a motion to lift the stay once the agencies have enacted uniform policies providing asylum applicants with fair notice of the applicable fee deadline, the mechanism for payment, and the adverse consequences that might result from nonpayment." *Id.* at 19.

On January 2, 2026, EOIR issued a new PM that supersedes PM 25-36. PM 26-01 at 1, 6 (Ex. A). The PM expressly aligns with USCIS regarding the policy's effective date. It also outlines

guidelines to ensure that asylum applicants receive notice of the applicable deadline, the mechanism for payment, and potential adverse consequences from nonpayment. Specifically:

- EOIR will seek to collect the AAF "only for asylum applications pending for one year or more as of October 1, 2025." *Id.* at 2.

- "EOIR will not expect payment of an AAF that is due or otherwise seek enforcement of the AAF until an Immigration Judge has issued an order setting a deadline for payment and that deadline has passed." *Id.* at 4.

- EOIR advises that an "Immigration Judge's order, as a matter of best practice, should also contain information about how to pay and the consequences of a failure to pay." *Id.* "To that end, Immigration Judges are encouraged to use" EOIR's "template order." *Id.*

- Payment may be made "through EOIR's online Payment Portal," which has been live since October 23, 2025. *Id.* at 4 n.10.

- "Any alien who has already paid the AAF will not need to pay it again until it becomes due again—*i.e.* the asylum application remains pending for another calendar year—*and* an Immigration Judge has ordered the alien to pay." *Id.*

EOIR also stated that its "Office of Policy will update all relevant sections of EOIR's website to conform to this PM." *Id.* at 6.

On January 12, Plaintiff filed an "Emergency Motion to Clarify" the Court's October 30, 2025, Order. *See* ECF No. 64 ("Mot."). Plaintiff sought an "immediate order" ruling that the Court's stay of the Notice and PM 25-36 requires that Defendants "may not implement the annual asylum fee or take adverse action against individuals' asylum . . . application" until the Court lifts that stay. ECF No. 64 at 1–2.

3

On January 13, the Court denied Plaintiff's motion. ECF No. 70. It noted that the stay "applied to two discrete agency actions: USCIS's Federal Register Notice and EOIR's July 17 Memo." *Id.* at 1. EOIR's PM 26-01 "rescinded and superseded the July 17 Memo and constitutes a new agency action." *Id.* Therefore, the "stay of the July 17 Memo, which is no longer in force, cannot reach the January 2 Memo, which did not exist at the time that this Court issued the stay and which Plaintiff's complaint did not challenge." *Id.* The Court also explained that it cannot "enjoin Defendants from requiring asylum applicants to pay the annual asylum fee without a legal basis to do so." *Id.* As for EOIR's new policy, the Court stated that "[i]f Plaintiff wishes to challenge" PM 26-01, "it may seek leave to amend its complaint." *Id.*

## ARGUMENT

Now that PM 26-01 is effective, the basis for staying the USCIS Notice no longer exists. In finding "significant discrepancies" between Defendants' respective policies, the Court in its stay order stated it was "[m]ost important[]" that "EOIR's July 17 Memo ha[d] yet to be rescinded and remain[ed] in effect." ECF No. 54 at 12. That document has now been rescinded. ECF No. 70 at 1. And the new statement of EOIR's policy, PM 26-01, resolves the discrepancies between USCIS and EOIR in the following ways.

First, EOIR no longer takes the categorical position "that applications pending for one year or more as of July 4, 2025 must pay the fee." ECF No. 54 at 13. Consistent with the USCIS Notice, EOIR will now seek to collect the AAF "only for asylum applications pending for one year or more as of October 1, 2025." PM 26-01 at 2; *see* 90 Fed. Reg. at 34515 (USCIS's Notice explaining that "any alien who filed a Form I-589, Application for Asylum and for Withholding of Removal, with USCIS before or on the beginning of fiscal year 2025, October 1, 2024, and whose application is still pending with USCIS at the end of fiscal year 2025, on September 30, 2025, must pay the

4

FY 2025 amount specified by statute" (footnote omitted)). Although PM 26-01 here references October 1 (not September 30), the policies are saying the same thing. USCIS characterized the triggering event as having an application pending through the end of the last day of September, which means that as of the following day, October 1, the alien must pay the AAF. This is equivalent to EOIR's current policy, which provides that the AAF will be collected from aliens who had an asylum application pending for at least a full year as of October 1. EOIR's policy also clearly states that EOIR is "acquiesc[ing] to USCIS's position." PM 26-01 at 2. Moreover, EOIR's position that the AAF will not be collected for applications that were "administratively final" as of September 30, 2025, PM 26-01 at 2, is consistent with USCIS's position that the AAF must be paid if the application is "*still pending*" through that date, 90 Fed. Reg. at 34515 (emphasis added). In sum, the agencies have aligned their positions.

Second, and relatedly, EOIR will not require applicants whose applications were no longer pending as of October 1, 2025, to pay the AAF. *See* PM 26-01 at 2 (stating that EOIR will not require payment of the AAF "for any asylum application that was pending for one year or more between July 5, 2025, and September 30, 2025, and was administratively final . . . as of September 30, 2025" (citations and footnote omitted)). That position resolves the Court's concern that EOIR's Payment Portal FAQ page stated that any applicant who "*had* an asylum application pending for one year or more as of July 4, 2025," must pay the AAF. ECF No. 54 at 13 (emphasis added).

Third, PM 26-01 resolves the Court's concern that EOIR did not provide guidance regarding "applications filed between July 5, 2024 and July 4, 2025." ECF No. 54 at 13. Now that EOIR will seek to collect the FY 2025 AAF "only for asylum applications pending for one year or more as of October 1, 2025," *id.* at 2, questions about applications filed between July 5, 2024, and July 4, 2025, are academic for purposes of the FY 2025 AAF.

5

Fourth, PM 26-01 makes clear that issuance of a notice of the AAF must precede payment being due: "EOIR will not expect payment of an AAF that is due or otherwise seek enforcement of the AAF until an Immigration Judge has issued an order setting a deadline for payment and that deadline has passed." PM 26-01 at 4. This resolves the Court's concern that EOIR's Payment Portal FAQ page did "not make clear . . . that issuance of the notice serves as a condition precedent to an applicant's fee becoming due." ECF No. 54 at 13. In PM 26-01, EOIR also clarified that it no longer recommends that immigration judges "provide oral notice regarding the fees." ECF No. 54 at 13. Instead, a written order is required before any applicant will be required to pay the AAF. *See* PM 26-01 at 5–6. Making clear that immigration judges are expected to issue written orders setting forth the deadline and consequences of failing to pay provides adequate notice to applicants in a manner consistent with EOIR's regulations, which prohibit the EOIR Director from directing adjudicators to rule a particular way in any case. 8 C.F.R. § 1003.0(c). It is also consistent with USCIS's Notice, which states that "the first time the AAF is due . . . USCIS will provide personal, individual notice" of "the amount of the fee, when the fee must be paid, how the fee must be paid, and the consequences of failure to pay," and that "USCIS will provide guidance for future years' AAF payments in subsequent issuances." 90 Fed. Reg. at 34515.

Fifth, it is EOIR's understanding that the very small number of asylum applications "adjudicated in the fourth quarter of FY 2025" that "were denied due to a failure to pay the AAF" have been "remedied through normal channels at EOIR." PM 26-01 at 5 n.11. Thus, EOIR took "corrective action in such cases," which should resolve the Court's concern that immigration judges should not have "den[ied] asylum applications based on the failure to pay while no mechanism to pay existed." ECF No. 54 at 14. Going forward, of course, a mechanism to pay exists, PM 26-01 at 4 n.10, as it does for USCIS, 90 Fed. Reg. at 34515 ("USCIS will require that

6

AAF be paid using an online fee payment process."). The Court's concern that the AAF "became due . . . even though no individual notices had issued," ECF No. 54 at 14, is also resolved going forward because EOIR "will not expect payment of an AAF that is due or otherwise seek enforcement of the AAF until an Immigration Judge has issued an order setting a deadline for payment and that deadline has passed," PM 26-01 at 4.

Finally, EOIR stated that its "Office of Policy will update all relevant sections of EOIR's website to conform to" its new policy. *Id.* at 6. Thus, the Court's concerns with respect to information provided on the Payment Portal FAQ page, *see* ECF No. 54 at 12–14, have been resolved.

* * *

In sum, PM 26-01 addresses the Court's concern that an applicant might "be subject to denial of his asylum application and removal under EOIR's policy, even though he had complied with USCIS's policy." ECF No. 54 at 15. PM 26-01 also shows that EOIR has considered USCIS's interpretation, thus addressing "'an important aspect of the problem' that Defendants had to consider" under the Court's stay order. ECF No. 54 at 15. The agencies have now "enacted uniform policies providing asylum applicants with fair notice of the applicable fee deadline, the mechanism for payment, and the adverse consequences that might result from nonpayment." *Id.* at 19. Thus, the logic underlying this Court's holding on not only Plaintiff's likelihood of success but also its risk of irreparable harm and the balance of equities and public interest, *see id.* at 16–18, no longer applies. And no additional basis exists for keeping the stay in place.

Given the "significant change . . . in factual conditions," the Court should lift the stay because its "continued enforcement" would be "detrimental to the public interest." *Chase v. Town of Ocean City*, No. 11-cv-1771, 2015 WL 4993583, at *5 (D. Md. Aug. 19, 2015) (quoting *Horne*

7

*v. Flores*, 557 U.S. 443, 447 (2009)). That is so especially because future enforcement of the stay risks "prohibit[ing] the enforcement of a statute enacted by a people's elected representatives," which would "constitute[] an irreparable injury." *USA Farm Labor, Inc. v. Su*, 694 F. Supp. 3d 693, 715 (W.D.N.C. 2023), *aff'd sub nom. USA Farm Labor, Inc. v. Micone*, No. 23-2108, 2025 WL 586339 (4th Cir. Feb. 24, 2025). Such an injury "weighs particularly heavily with respect to the enforcement of immigration laws, which implicates the government's 'sovereign prerogative.'" *Id.* (quoting *Miranda v. Garland*, 34 F.4th 338, 365-66 (4th Cir. 2022)); *see also Landon v. Plasencia*, 459 U.S. 21, 34 (1982) (stating that "control over matters of immigration is a sovereign prerogative, largely within the control of the executive and the legislature"). The Court should lift the stay so that both Defendants may implement a duly enacted federal statute.

## CONCLUSION

For the foregoing reasons, the Court should lift the October 30, 2025, preliminary stay.

January 16, 2026                        *Respectfully submitted,*

                                                 BRETT A. SHUMATE
                                               Assistant Attorney General

                                               BRAD P. ROSENBERG
                                               Special Counsel

                                               */s/ Elizabeth Hedges*
                                               ELIZABETH HEDGES
                                               Counsel to the Assistant Attorney General
                                               United States Department of Justice
                                               Civil Division
                                               950 Pennsylvania Avenue NW
                                               Washington, DC 20530
                                               (202) 616-0929
                                               elizabeth.t.hedges@usdoj.gov

                                               *Counsel for Defendants*