**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**NORTHERN DIVISION**

| | |
|---|---|
| ASYLUM SEEKER ADVOCACY PROJECT, <br><br> Plaintiff, <br><br> v. <br><br> EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*, <br><br> Defendants. | Civil Action No. 1:25-cv-03299-SAG |

**SIXTH SUPPLEMENTAL DECLARATION OF SWAPNA REDDY, CO-EXECUTIVE DIRECTOR OF THE ASYLUM SEEKER ADVOCACY PROJECT**

I, Swapna Reddy, submit this supplemental declaration pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury as follows:

1.      I am the Co-Executive Director of the Asylum Seeker Advocacy Project ("ASAP"). I have served in this role since 2019. I am an attorney licensed in New York.

2.      As I shared in my original and supplemental declarations, as Co-Executive Director I oversee much of ASAP's programming, including supervising its membership services, legal resources, and technical teams. I have detailed knowledge about ASAP's membership demographics, member priorities, and the role members play in shaping ASAP's services and advocacy.

3.      I make this statement based upon personal knowledge, files and documents of ASAP that I have reviewed, as well as information supplied to me by employees and affiliates of

ASAP whom I believe to be reliable, including ASAP's management, attorneys, and technical and administrative staff.  These files, documents, and information are of a type that is generated in the ordinary course of our business and that I would customarily rely upon in conducting ASAP business.

4.     Unfortunately, immigration judges are currently placing the burden on asylum applicants to prove that they have already paid the annual asylum fee, rather than referring to EOIR's internal records.

5.     However, to the best of my knowledge, the immigration courts have yet to provide a single, clear process that an asylum applicant should use to prove to an immigration judge that they have already paid the annual asylum fee.

6.     After an asylum applicant pays the annual asylum fee on the EOIR Payment Portal website, a Payment Tracking ID appears on their screen, and a digital copy of the receipt is available for download. The receipt is not emailed to the applicant. I am attaching a redacted copy of an EOIR annual asylum fee receipt as **Exhibit 1**.

7.     The receipt states: "A copy of this receipt must be included with the application, motion, or appeal that is filed with the Immigration Court or the BIA Clerk's Office." *See* Exhibit 1.

8.     However, in many cases, there is no application, motion, or appeal that needs to be filed at the time an asylum applicant pays the annual asylum fee.

9.     Due to the confusion caused by EOIR's instructions, ASAP has suggested that asylum applicants take affirmative steps to submit proof of payment to the immigration judge and the Office of the Principal Legal Advisor ("OPLA")—even if no application, motion, or

appeal needs to be filed at the time. OPLA is an office that includes ICE trial attorneys, including the opposing counsel in a particular asylum applicant's immigration court case.

10.    To the best of my knowledge, there is no clear process for how to submit proof to an immigration judge or OPLA in this type of situation. As a result, ASAP has suggested that asylum applicants try to submit proof to the immigration judge in any way they can, whether that is by mail, in person at the desk of the immigration clerk, or in person at their next hearing. ASAP has also suggested that asylum applicants try to submit a copy of this proof to OPLA if they can.

11.    It becomes especially difficult to submit proof of payment to the immigration judge and OPLA if more than 20 days have passed since payment and the asylum applicant does not already have access to their Payment Tracking ID or receipt.

12.    If the asylum applicant has their Payment Tracking ID, they can use it to access their receipt at any time. However, their Payment Tracking ID is only available online to the applicant for 20 days after payment.

13.    If more than 20 days have passed, according to the EOIR Payment Portal FAQs, the asylum applicant can try contacting their immigration court to request the Payment Tracking ID.    *See*    *https://www.justice.gov/eoir/eoir-payment-portal-frequently-asked-questions-faq* (accessed and printed to PDF on June 4, 2026 and attached hereto as **Exhibit 2**). ASAP does not know if this process works, or how long it takes. If the process works as EOIR suggests, this means that EOIR is able to independently verify whether an asylum applicant has paid the annual asylum fee — despite immigration judges placing the burden of proof of payment on the asylum applicant.

14.    In addition to creating confusion about the best way to prove payment of the annual asylum fee, EOIR has also created confusion about the proper mechanism to challenge a removal order related to the annual asylum fee. It is unclear whether it is best for applicants to appeal to the Board of Immigration Appeals ("BIA"), file a Motion to Reconsider in immigration court, file a Motion to Reopen ("MTR") in immigration court, or try more than one of these options. These processes can be time consuming and very costly.

15.    ASAP is aware of multiple cases in which asylum applicants have experienced significant confusion and harm due to EOIR's lack of clear process for challenging a removal order related to the annual asylum fee.

16.    For example, in January 2026, an immigration judge used the EOIR template order to set an annual asylum fee payment deadline for an ASAP member. But the member's attorney never received the template order, and they missed the payment deadline. The immigration judge then denied the member's claims for asylum, withholding of removal, and protection under the Convention Against Torture – based solely on nonpayment of the annual asylum fee. The immigration judge also ordered removal. Given the lack of information about a proper mechanism to challenge this type of removal order, the member's attorney filed both a MTR in immigration court and — as the BIA appeal deadline approached with no MTR decision — an appeal to the BIA. While the immigration judge ultimately granted the MTR, procedural complications persisted in the case due to the overlapping challenges.

17.    The level of confusion that EOIR has created is so significant that ASAP has heard from members who are experiencing anxiety, confusion, and stress related to the annual asylum fee process — even though they would have no financial difficulty paying the fee.

18.     As I shared in my First Supplemental Declaration, ASAP filed a Freedom of Information Action ("FOIA") request with EOIR on September 25, 2025, to try to gain more information and clarity about the asylum fees. The FOIA request was attached as Exhibit J to my First Supplemental Declaration (*see* ECF 45-1 at ¶ 9 & 45-4). On June 4, 2026, ASAP received a production in response to this FOIA request.

19.     The EOIR FOIA production includes an email dated July 9, 2025, which appears to be from the Office of the Chief Immigration Judge to all Assistant Chief Immigration Judges and all EOIR Court Administrators. A true and correct copy of the email contained within the June 4, 2026 FOIA production is attached hereto as **Exhibit 3**. The email states, in part: "Concerning the new fees, asylum applications can be provisionally accepted pending payment of the required fee. Applications should continue to be logged into CASE upon receipt. However, courts should keep a list of all provisionally accepted asylum applications with unpaid fees. Once payment processes have been established, *IJs shall issue scheduling orders setting forth a 30-day deadline* for respondents to file proof of fee payment. The scheduling orders shall notify respondents that failure to timely file proof of payment will result in their applications being deemed abandoned." (emphasis added).

I hereby declare under penalty of perjury that the foregoing is true and correct.

Executed on June 05, 2026                      Respectfully submitted,

_____

Swapna Reddy