**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| ASYLUM SEEKER ADVOCACY PROJECT,<br><br>        Plaintiff,<br><br>    v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*,<br><br>        Defendants. | Civil Action No. 1:25-cv-03299-SAG |

**<u>DECLARATION OF MICHELLE N. MÉNDEZ</u>**

I, Michelle N. Méndez, submit this declaration pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury as follows:

1.      I am an attorney licensed to practice before the courts of the State of Maryland and I am a member in good standing of the bar of this court.

2.      I serve as the Legal Director at the National Immigration Project, a national membership organization of attorneys, advocates, and community members that promotes justice for immigrants and government accountability through litigation, advocacy, training and legal resources, and community education. Prior to this role I served as the Director of Legal Resources and Training.

3.      The National Immigration Project is part of the counsel team that represents the certified class and the named plaintiffs in *J.O.P. v. DHS*, No. 8:19-CV-01944-SAG (D. Md.), a case that challenged a 2019 policy that limited the ability to seek asylum for certain children who

1

arrived in the country alone and reached a final settlement on November 25, 2024. ECF No. 199-2. The settlement agreement is scheduled to terminate on November 18, 2026. ECF No. 620.

4. The contents of this declaration are based on my personal knowledge a well as information provided to me by my National Immigration Project colleagues, our National Immigration Project members, and legal representatives of *J.O.P.* class members. I have personal knowledge of the facts in this declaration, and if called upon to testify, I could and would testify competently to the facts herein.

**EOIR's Implementation of the Asylum Fees**

5. My work at the National Immigration Project requires me to remain current on immigration law, policy, and practice. Given the significant changes brought by One Big Beautiful Bill Act, Pub. L. No. 119-21, 139 Stat. 72 ("OBBBA"), namely new or increased fees for applications and petitions filed with the United States Citizenship and Immigration Services (USCIS) and the Executive Office for Immigration Review (EOIR), I have been monitoring its implementation and issuing practice resources to immigration law practitioners.

6. I understand that in the OBBBA, Congress adopted a $100 initial asylum fee for first-time asylum applicants, and a $100 annual fee for asylum applications whose claims remain pending for one year or more.

7. Correspondence from our members as well as reports from immigration practitioners allow me to identify trends in immigration law, policy, and practice. Through these mediums, I have learned of several concerns with EOIR's implementation of the initial and annual asylum fees.

8. First, EOIR is requiring that many asylum applicants with a prior unaccompanied child determination who are in removal proceedings before EOIR and whose asylum applications

are pending with USCIS pay the initial asylum fee twice. Immigration Judges are increasingly taking jurisdiction over the asylum applications of unaccompanied child asylum applicants over their objection and instructing them to pay the initial asylum fee with EOIR, even though they have already paid this fee to USCIS. Ostensibly, failure to pay the initial asylum fee for the asylum application pending before EOIR will lead the Immigration Judge to deem the application abandoned and issue an order of removal, even though the applicants have already paid the initial asylum fee with USCIS.

9.      Second, the Board of Immigration Appeals (BIA) does not appear to be sending individualized notice to appellants informing them that their annual asylum fee is due. Recent BIA appeal receipt notices state the following:

> Please note there is an annual fee for all asylum applications, which is due on the anniversary of each calendar year that an alien's asylum application remains pending; no fee waiver or reduction in fee is permitted. This fee must be paid timely; failure to pay within 30 days of the anniversary due date will likely result in pretermission of the asylum application and an order of removal. This will be the only notice that the alien will receive regarding this annual payment requirement. Payment of this fee can be made at https://epay.eoir.justice.gov/ index.

*See* **Exhibit 1.** To avoid pretermission of the asylum application and an order of removal, immigration law practitioners are preemptively attempting to pay the annual asylum fee before a year has passed from their asylum filing date for matters pending before the BIA. Additionally, where the government, rather than an asylum applicant appeals an immigration judge's decision, an asylum applicant will not receive an appeal receipt notice from the BIA and thus may not be aware of their obligation to pay the annual asylum fee to the BIA while DHS's appeal is pending. In this scenario, a person who was *granted* asylum by the IJ may have their case pretermitted or denied by EOIR for failure to pay a fee they had no notice of.

3

10.     Third, EOIR has provided no guidance as to how to provide proof of payment for the annual asylum fee to the BIA, yet the BIA has rejected "improperly" filed fee payments. The online EOIR Payment Portal omits an option for the annual asylum fee for a matter pending before the BIA. The only option on the online EOIR Payment Portal that appears for the annual asylum fee references an application pending before the Immigration Court. Immigration law practitioners therefore have no other option but to pay the fee for the annual asylum fee for a matter pending before the Immigration Court and hope that the BIA does not reject the filing.  Despite the lack of instruction and applicants' attempts to take every step to comply with the fee requirement, the BIA has rejected annual asylum fee payments as improperly filed. One attorney shared that, to comply fully with the BIA Practice Manual, he filed the annual asylum fee receipt with a cover page, index, tab page, receipt copy paginated with the number "1" and the proof of service yet the BIA rejected his filing claiming that "no receipt was attached."

11.     There are other problems related to the online EOIR Payment Portal that the National Immigration Project highlighted to EOIR Director Daren K. Margolin in a letter dated April 1, 2026. *See* **Exhibit 2.** One of these problems impacts detained asylum seekers who are required to pay either the initial asylum fee or the annual asylum fee.  As noted in the letter, the online EOIR Payment Portal is the only method for paying either the asylum fee or the annual asylum fee, but detained asylum seekers have no means to access the online EOIR Payment Portal directly because they do not have access to the internet or their online bank account(s), if any. They thus must rely on a family member or friend to pay any relevant EOIR fees, but not all detained asylum seekers have someone who can assist with this process, which prevents the detained asylum seeker from pursuing asylum and related fear-based protection.

12.     The above issues with EOIR's implementation of the initial and annual asylum fees have led to much confusion, time expenditure, adjudication delays, and gratuitous fee payments among practitioners of immigration law. However, the most concerning possible consequence is that EOIR adjudicators may deem the asylum application abandoned through no fault of the applicant, which would lead to a removal order.

I declare under penalty of perjury that the foregoing is true and correct.

Executed June 5, 2026, in Baltimore, Maryland.

_____
Michelle N. Méndez
National Immigration Project

5