# EXHIBIT 2



**Lawyers for the Movement**

April 1, 2026

Hon. Daren K. Margolin
Executive Office for Immigration Review
Office of the Director
5107 Leesburg Pike, Suite 2600
Falls Church, VA 22041

**Re: Executive Office for Immigration Review (EOIR) Payment Portal**

Dear Director Margolin:

We write to inform you of several issues that our members have encountered in seeking to pay fees on the EOIR portal.

Given the significant issues we raise below, where respondents may have no ability to pay required fees through the EOIR Electronic Payment Portal, we ask that you reiterate the guidance from former acting director Owen at footnote 7, in Policy Memorandum 25-36, authorizing provisional acceptance of benefit application forms by EOIR if there is not an established payment method.[1] So doing will ensure that noncitizens have access to immigration benefits for which they are eligible and prevent them from being ordered removed for their alleged failure to pay fees that EOIR itself is preventing them from paying.

### I.    The I-485A Fee Is Missing from the Portal

There is currently no mechanism to pay the $1000 fee required for Form I-485A filed pursuant to Immigration and Nationality Act (INA) § 245(i). Section 245(i) of the INA allows certain noncitizens who do not qualify to adjust status under INA §§ 245(a) or (c), and who had applications that were approvable when filed pending prior to April 30, 2001, to seek adjustment of status by paying a "penalty" fee along with their adjustment of status application. Without the ability to pay the fee, noncitizens in removal proceedings are unable to benefit from this statutory provision. H.R. 1 did not eliminate section 245(i) relief and eligible respondents therefore must be able to pursue this benefit. We suggest that the Portal add a $1000 fee to allow noncitizens to pay for form I-485A.

---

[1] Before there was a mechanism to pay the annual asylum fee, former acting director Owen stated that "the Immigration Courts will implement temporary measures—e.g. possibly authorizing provisional acceptance of an application pending the subsequent submission of the fee—to ensure that aliens have an avenue to pay the required fees and submit applications." EOIR should issue similar guidance to immigration judges for other fees that EOIR has not created a mechanism for noncitizens to pay.

## II.    EOIR Should Create an "Other" Category to Allow Partial Payment Where Fees Were Already Paid to United States Citizenship and Immigration Services (USCIS)

There is no option to pay the difference between the base fee paid to USCIS and the fee that applies to the same application when filed with EOIR. If a respondent has already paid the base fee for a benefit, such as an I-485 that was denied by USCIS and referred to immigration court, the respondent should only have to pay the additional amount required by H.R.1.[2] Thus, if the applicant sought adjustment before USCIS and paid USCIS the $1440 fee for the I-485, they should only have to pay the H.R.1 add-on fee of $1500, plus the adjustment for inflation, to EOIR. However, the EOIR payment portal only allows for payment of the full $2980[3] and there is no mechanism to pay EOIR fees other than the EOIR portal. Thus, noncitizens seeking to adjust status before EOIR must either overpay by repaying the fee they already paid to USCIS, or be prevented from filing their application at all; both outcomes are contrary to Congressional intent and violate the statute. We suggest that the Portal include an "Other" category where the respondent can explain the reason for the specific fee being paid.

## III.    EOIR Should Edit the Confusing "BIA—Motion (new filing)" Option on the Payment Portal

We further ask that EOIR edit the language for paying the fee to file a motion to reopen or motion to reconsider before the Board of Immigration Appeals (BIA). Currently the portal lists a fee for "Court—Motion to Reopen or Reconsider a decision of an immigration judge." However, the comparable language for BIA fees says "BIA—Motion (new filing)" without describing what types of motions require fees. Since only motions to reopen and motions to reconsider carry a fee, this broader language for BIA motions may cause confusion.[4] For example, the BIA has erroneously issued notices that a filing fee is required for a motion to recalendar even though such motions are clearly not included in H.R.1. Requiring fees for motions beyond Motions to Reopen or Reconsider would be ultra vires to H.R. 1.

## IV.    Detained Noncitizens' Must Be Given an Option to Pay Fees in Addition to the Payment Portal

Finally, we have grave concerns about how detained noncitizens can pay their fees, especially those who are unrepresented. Most detainees have no access to the internet or to the U.S. banking system. If they do not have access to counsel or a family member or friend, it is not possible for them to pay the nonwaivable asylum fee, even if they have $100 cash available. We have heard of some instances where the attorneys of noncitizens who cannot pay their fees have resorted to paying the fees themselves, whether out of their own pockets or from their organizational or firm budgets.

---

[2] Where USCIS denies an I-485 and the applicant seeks review of the application in immigration court, it is not a new application but rather a renewal of the denied application in removal proceedings. 8 C.F.R. § 245.2(a)(5)(ii).
[3] It appears the online adjustment fee has been adjusted to include the annual adjustment for inflation required under H.R.1.
[4] SEC. 100013(g), titled "FEE FOR FILING A MOTION TO REOPEN OR RECONSIDER."

1763 Columbia Road NW Suite 175 #896645 Washington, DC 20009
**Phone**: (617) 227-9727 | **Fax**: (617) 227-5495 | **Web**: www.nipnlg.org | **Social**: @nipnlg

We ask EOIR to address this issue—no noncitizen should be denied the right to seek asylum or any other form of relief, because there is no mechanism for them to make a fee payment. At a minimum, EOIR should offer the same option that USCIS offers to pay with a check or money order if the noncitizen can demonstrate that they do not have access to banking services, electronic payment systems, or that paying a fee electronically would cause undue hardship. *See* USCIS Form 1651.

## V.    Conclusion

EOIR can address most of the issues raised in this letter through minor changes to the EOIR Payment Portal and others require guidance from EOIR. Neither solution would require significant government resources, and both would ensure that noncitizens are able to exercise their statutory rights to seek Congressionally authorized benefits and defend against removal.

We appreciate EOIR's attention to this matter and welcome the opportunity to discuss further if helpful. You can reach us directly at michelle@nipnlg.org 410-929-4720 or victoria@nipnlg.org 202-742-4447.

Sincerely,

National Immigration Project[5]

Michelle N. Méndez
Director of Legal Resources and Training

Victoria Neilson
Supervising Attorney

---

[5] The National Immigration Project is a national nonprofit membership organization that provides support, referrals, and legal and technical assistance to attorneys, community organizations, families, and advocates seeking to advance the rights of noncitizens. The National Immigration Project fights for fairness and transparency in immigration adjudication systems and believe that all noncitizens should be afforded the right to fair adjudications of their claims to remain in the United States. As a member-organization, we are very aware of the experiences of practitioners and clients who practice in the immigration court and before the Board of Immigration Appeals. The concerns raised here were brought to us by our members.