**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

|  |  |
|---|---|
| ASYLUM SEEKER ADVOCACY PROJECT,<br><br>       Plaintiff,<br><br>      v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW *et al.*,<br><br>       Defendants. | Civil Action No. 1:25-cv-03299-SAG |

## <u>DECLARATION OF YULIA HASTY</u>

I, Yulia Hasty, submit this declaration pursuant to 28 U.S.C. § 1746 and declare under penalty of perjury as follows:

1. I am an immigration attorney based in Irvine, California. I am the owner and principal attorney of the Law Office of Yulia Hasty, and I am licensed to practice law in California. I submit this declaration based on my personal knowledge and professional experience.

2. I have been practicing immigration law for over six years. As part of my practice, I represent individuals applying for asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"), both before U.S. Citizenship and Immigration Services ("USCIS") and the Executive Office for Immigration Review ("EOIR").

3. I understand that Congress adopted a $100 initial asylum fee for first-time asylum applicants, and a $100 annual fee for asylum applications whose claims remain pending for one

1

year or more.  My understanding has been that the implementation and enforcement of these fees have been subject to ongoing litigation and agency guidance.

4.    On or around May 13, 2026, an Immigration Judge issued two of my clients (a mother and her child) a removal order for alleged failure to pay the annual asylum fee, even though they had previously paid the fee.  A true and correct copy of the removal order, with information that could be used to identify my clients redacted, is attached hereto as **Exhibit 1.**

5.    My clients are members of the Asylum Seeker Advocacy Project ("ASAP").

6.    My client initially filed her Form I-589 application for asylum, withholding of removal, and protection under CAT before EOIR in 2023.  My client listed her child as a derivative on the Form I-589 application.

7.    On or around September 25, 2025, my client attempted to pay the annual asylum fee.  At that time, EOIR's payment portal did not yet have an "Annual Asylum Fee" payment option available, so my client made a $100 payment to EOIR using the "Initial Asylum Fee" category instead.  A true and correct copy of my client's proof of payment, with information that could be used to identify my clients redacted, is attached hereto as **Exhibit 2.**

8.    On or around December 15, 2025, my client appeared before an Immigration Judge for a master calendar hearing.  At that hearing, the Immigration Judge stated that EOIR had received the fee payment.  In reliance on that statement, my client did not submit an additional $100 payment using the "Annual Asylum Fee" payment option that became available through the EOIR portal after she paid the fee.

9.    In deciding not to submit an additional annual asylum fee payment, my client also relied on EOIR Director Daren Margolin's statement in this litigation that applicants who made

"anticipatory or advance payments to EOIR for the AAF" will have those payments "applied to the [noncitizen's] owed fees . . . once the AAF billing notices are issued." *See* ECF No. 43-3 ¶ 11.

10.    Between December 15, 2025 and May 13, 2026, neither I nor my client received any further correspondence, notice, or instruction from EOIR with respect to the annual asylum fee, and we both understood that my client's annual asylum fee obligation had been met until at least September 2026.

11.    On May 13, 2026, the Immigration Judge issued my clients a removal order for failure to pay the annual asylum fee. *See* Exhibit 1. I received the removal order by ECAS.

12.    On May 13, 2026, my client re-paid the annual asylum fee on EOIR's online payment portal.  A true and correct copy of my client's proof of payment, with information that could be used to identify my clients redacted, is attached hereto as **Exhibit 3.**

13.    I was concerned and surprised when the Immigration Judge ordered my client and her child removed, since they had paid the annual asylum fee and the Immigration Judge previously stated that EOIR had received payment of the fee.  Additionally, even if my clients had not paid the annual asylum fee, which they did, they should still have the opportunity to pursue their withholding of removal and CAT protection claims, which are not subject to the initial or annual asylum fees.

14.    On May 15, 2026, I filed an appeal with the Board of Immigration Appeals (BIA). Filing the appeal immediately, rather than first filing a motion to reconsider and waiting to see whether the Immigration Judge would reconsider the decision, was a strategic decision made under difficult and uncertain circumstances. My client had an upcoming ICE check-in appointment, and based on my experience, ICE enforcement in San Diego, California has been particularly

3

aggressive. We were concerned about the possibility of detention or removal while a motion to reconsider remained pending before the Immigration Judge.

15.     My client paid $1,030 in filing fees to submit the appeal.

16.     I contacted ASAP to see if there was anything else I could do to help remedy the situation for my clients.  I and my clients gave consent to counsel for ASAP to share my clients' information with counsel for the government for the purpose of seeking to remedy my clients' removal order, and I understand that counsel for ASAP did so on May 20, 2026.

17.     On May 21, 2026, the BIA issued an order vacating the Immigration Judge's removal order and remanding the case back to the Immigration Judge for further consideration of my clients' applications for asylum and related relief and protection.  The BIA noted that its order was based on "an error in the decision regarding when the annual asylum fees are due and payable." A true and correct copy of the BIA's order, with information that could be used to identify my clients redacted, is attached hereto as **Exhibit 4**.

I hereby declare under penalty of perjury that the foregoing is true and correct.

Signed this 1st day of June, 2026.

Yulia Hasty

4