**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
NORTHERN DIVISION**

| | |
|---|---|
| ASYLUM SEEKER ADVOCACY PROJECT,<br><br>    Plaintiff,<br><br>  v.<br><br>EXECUTIVE OFFICE FOR IMMIGRATION REVIEW, *et al.*,<br><br>    Defendants. | Civil Action No. 1:25-cv-03299-SAG |

**[PROPOSED] ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND INJUNCTIVE RELIEF AND DENYING DEFENDANTS' MOTION TO DISMISS**

This matter having come before the Court on Plaintiff's Motion for Summary Judgment and Defendants' Motion to Dismiss; and the Court having considered the parties' briefs and exhibits, and the arguments of counsel; and for the reasons stated in the Court's accompanying Memorandum Opinion; it is:

**ORDERED** that Plaintiff's Motion for Summary Judgment is **GRANTED**; and it is further

**ORDERED** that Defendants' Motion to Dismiss (ECF 99) is **DENIED** in its entirety, for the reasons set forth below and in the Court's accompanying Memorandum Opinion.

The Court **FURTHER ORDERS** as follows:

**I.    SUMMARY JUDGMENT: APA SET-ASIDE RELIEF (5 U.S.C. § 706(2))**

1.    Pursuant to the Administrative Procedure Act ("APA"), 5 U.S.C. § 706(2), the Court **HOLDS UNLAWFUL AND SETS ASIDE** the Executive Office for Immigration Review ("EOIR") Policy Memorandum PM 26-01 (January 2, 2026), and EOIR's "template order" requiring payment of the annual asylum fee, reflected at ECF 85-1, pages 4–5 (collectively, the

1

"Challenged Policies"), on the grounds that they are contrary to law and arbitrary and capricious in violation of 5 U.S.C. § 706(2)(A), for the reasons set forth in the Court's accompanying Memorandum Opinion.

2.     The Challenged Policies are **VACATED AND REMANDED** to EOIR for further proceedings consistent with this Order and the Court's Memorandum Opinion.

3.     It is further **ORDERED** that no bond is required because Plaintiff seeks APA set-aside relief under 5 U.S.C. § 706.

## II.     PERMANENT INJUNCTION

In addition to the APA set-aside relief above, the Court enters the following **PERMANENT INJUNCTIVE RELIEF**:

1.     Defendants are **ENJOINED** from imposing annual asylum fees—whether by ordering payment or penalizing nonpayment—on ASAP members who applied for asylum, withholding of removal, or protection under the Convention Against Torture before July 4, 2025 (Count One). [Alternatively: Defendants are **ENJOINED** from counting any days prior to July 4, 2025 toward the 365-day period that triggers an ASAP member's annual asylum fee payment obligation (Count Two).]

2.     Defendants are **ENJOINED** from imposing the annual asylum fee or imposing adverse consequences on ASAP members for failure to comply with the annual asylum fee requirement, unless and until EOIR implements the fee in a manner that complies with the APA. (Count Three.)

3.     Defendants are **ENJOINED** from imposing adverse consequences on ASAP members who have timely paid the annual asylum fee to USCIS or EOIR through any method of payment.

4.　　　EOIR is **ENJOINED** from requiring ASAP members to pay the initial asylum fee or annual asylum fee for INA withholding or CAT protection claims, including by denying, dismissing, rejecting, pretermitting, or deeming abandoned claims for INA withholding or CAT protection for failure to pay the initial asylum fee or annual asylum fee. (Count Five.)

5.　　　Further, for ASAP members who received wrongful removal orders due to misapplication of the annual asylum fee—whether before or after the date of this Order—EOIR is **ORDERED** to reinstate their applications for asylum, INA withholding, and CAT protection to the status quo ante. (All Counts)

6.　　　**Limitation on Scope.** This permanent injunction does not enjoin or restrain the operation of any provision identified in 8 U.S.C. § 1252(f)(1), does not dictate the outcome of any proceeding reopened pursuant to this Order, and shall not be construed to interfere with Defendants' authority to adjudicate on the merits, in accordance with applicable law, any immigration application or claim reopened pursuant to this Order.

## III.　　DECLARATORY JUDGMENT

For the reasons set forth in the Court's accompanying Memorandum Opinion, and pursuant to the Administrative Procedure Act, 5 U.S.C. § 703, and the Declaratory Judgment Act, 28 U.S.C. § 2201, the Court **DECLARES** as follows:

1.　　　The annual asylum fee does not apply retroactively to any applicant who sought asylum before July 4, 2025, or to any period during which such an application was pending before that date.

2.　　　Section 1808 is not self-executing, and Defendants lack authority to require applicants to pay the annual asylum fee or to impose adverse consequences for nonpayment, unless and until EOIR adopts a new policy implementing the fee in a manner that complies with the APA.

3.      Defendants lack authority to impose adverse consequences on applicants who timely paid the annual asylum fee to USCIS or EOIR through any method of payment.

4.      The initial asylum fee in Section 1802 and the annual asylum fee in Section 1808 do not apply to claims for INA withholding of removal or protection under the Convention Against Torture.

5.      Defendants lack authority to deny, dismiss, reject, pretermit, or deem abandoned any claim for INA withholding of removal or protection under the Convention Against Torture based on nonpayment of the initial asylum fee or annual asylum fee.

6.      Any applicant who received a wrongful removal order as a result of the Challenged Policies is entitled to relief.

## IV.    MOTION TO DISMISS

Defendants moved to dismiss Plaintiff's First Amended Complaint in its entirety pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6).  ECF 99.  That motion is **DENIED AS MOOT** as to Defendants USCIS and Edlow, who were voluntarily dismissed from this action after Defendants filed their Motion to Dismiss, and **DENIED** as to the remaining Defendants on all counts for the reasons set forth in the accompanying Memorandum Opinion.

    **SO ORDERED.**

Date: _____                                      _____
                                                   Hon. Stephanie A. Gallagher
                                                   United States District Judge

4